COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-08-471-CR

                                        NO.
2-08-472-CR

                                        NO.
2-08-473-CR

                                        NO.
2-08-474-CR

                                        NO.
2-08-475-CR

 

STEPHON LAMAR HARRIS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The trial court convicted Appellant Stephon Lamar
Harris upon his open pleas of guilty to five offenses:  possession of marijuana in the amount of five
pounds or less but more than four ounces; possession of a controlled substance
of less than one gram, namely, cocaine; attempted assault causing bodily injury
to a public servant discharging an official duty; and two counts of engaging in
organized criminal activity, to wit: aggravated assault with a deadly
weapon.  The trial court imposed the
sentence in each case on June 27, 2008. 
Appellant did not file a motion for new trial in any of his cases, so
his notice of appeal in each case was due July 28, 2008.[2]  He did not file his notices of appeal until
December 11, 2008; thus, they were untimely.

Accordingly, we informed Appellant=s
appointed counsel and Appellant by letter on December 19, 2008 that these
appeals were subject to dismissal unless Appellant or any party showed grounds
for continuing the appeals on or before December 29, 2008.  We have not received a response. 








A notice of appeal that complies with the
requirements of rule 26 is essential to vest this court with jurisdiction.[3]  The Texas Court of Criminal Appeals has
expressly held that, without a timely filed notice of appeal or motion for
extension of time, we cannot exercise jurisdiction over an appeal.[4]         Because
Appellant=s notices of appeal were
untimely filed, we dismiss these cases for want of jurisdiction.[5]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and
WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
26.2(a)(1) (providing that notice of appeal must be filed within thirty days of
sentencing).





[3]Id.





[4]Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).





[5]See Tex. R. App. P.
26.2(a)(1), 43.2(f).